# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-11612

_____

BEAR WARRIORS UNITED, INC.,

                                                                                Plaintiff-Appellee,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

                                                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02048-CEM-LHP

_____

No. 25-11821

_____

BEAR WARRIORS UNITED, INC.,
a Florida Not for Profit Corporation,

						Plaintiff-Appellee,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

						Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02048-CEM-LHP

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

BY THE COURT:

	Appellant's motion to consolidate case no. 25-11612 and case no. 25-11821 is **GRANTED**.

Appellant's motion for a stay pending appeal of the district court's May 19, 2025 "Order and Permanent Injunction" is **DENIED**, as she has not made the requisite showing. *See Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Defendant-Appellant Secretary of the Florida Department of Environmental Protection ("FDEP") raises three arguments in her stay motion: (1) that Plaintiff-Appellee Bear Warriors United, Inc. ("Bear Warriors") lacks standing to sue; (2) that Bear Warriors failed to establish proximate causation under the Endangered Species Act ("the Act"); and (3) that the district court's injunction violates the anticommandeering doctrine. The Secretary has failed to establish a substantial likelihood of success on appeal as to any of the issues that she has raised. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation.").

First, the Secretary has failed to establish a substantial likelihood of showing that the district court erred in determining that Bear Warriors has standing to sue. We reach this conclusion after considering precedent holding that an organization has standing to sue inadequate regulators, like the Secretary, who authorize pollution that interferes with the aesthetic, recreational, and economic interests of members of the organization through the taking of animals in violation of the Act. *See, e.g.*, *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.* ("*Loggerhead I*"), 148 F.3d 1231, 1247–55 (11th Cir. 1998); *see also Fla. Pub. Int. Rsch. Grp. Citizen Lobby v. EPA*, 386 F.3d

1070, 1083–85 (11th Cir. 2004); *Massachusetts v. EPA*, 549 U.S. 497, 523–25 (2007).

Second, the Secretary has not established that she is substantially likely to prevail in showing that the district court erred in finding that she proximately caused manatee takings. The district court found that FDEP's current wastewater regulations prolong manatee takings: it found a clear, definitive causal link between the FDEP's current wastewater regulations, the water pollution that is killing manatees' primary food source and is creating harmful algae blooms, and the length of time over which manatees will continue to be harmed. *See Babbitt v. Sweet Home Chapter of Cmtys. for a Great Or.*, 515 U.S. 687, 700–01 (1995) (explaining the Act makes unlawful indirect but "foreseeable" harm to animals through "habitat modification"). We see no likely clear error in that finding. *See Warrior & Gulf Navigation Co. v. United States*, 864 F.2d 1550, 1553 (11th Cir. 1989). No "multiple, natural, independent, unpredictable and interrelated forces," *Aransas Project v. Shaw*, 775 F.3d 641, 658 (5th Cir. 2014), render the disruption of manatees' ability to feed and reproduce unforeseeable, *see Babbitt*, 515 U.S. at 710, 713 (O'Connor, J., concurring).

Third, the Secretary failed to establish that she is substantially likely to succeed on her anticommandeering challenge to the district court's injunction. Our precedent authorizes district courts to order regulators to cease the permitting or licensing of activities that take animals in violation of the Act and to require regulators to apply for Incidental Take Permits under the Act. *See Loggerhead*

*I*, 148 F.3d at 1253–55 (identifying those remedies among many that may "constitutionally redress[]" plaintiffs' injuries caused by violations of the Act); *Strahan v. Coxe*, 127 F.3d 155, 158, 167–70 (1st Cir. 1997) (rejecting that the Act and the plaintiffs' proposed remedies violate the Tenth Amendment); *cf. Printz v. United States*, 521 U.S. 898, 926 (1997) (explaining federal law that made "compliance with federal standards a precondition to continued state regulation in an otherwise pre-empted field" did not violate anticommandeering principles).

To the extent the Secretary seeks a stay of the portions of the district court's injunction requiring a program for assessing, feeding, and monitoring manatees and their habitat ("the program"), she does not raise in her motion arguments that are likely to succeed. The Secretary challenges only Bear Warriors's standing to seek these remedies. But Bear Warriors has standing based on other, permissible remedies, so the Secretary's arguments are misplaced. *See Loggerhead I*, 148 F.3d at 1254 (explaining, for standing, "we need only find constitutional at least one available remedy that would adequately bring about . . . compliance with the" Act). We note that the Secretary has not made any argument with respect to the program that the district court exceeded its equitable authority under Article III's grant of judicial power or transgressed the Tenth Amendment's limitations on the federal courts' authority to remedy violations of federal law. *Cf. Missouri v. Jenkins*, 495 U.S. 33, 52–58 (1990) (addressing those issues with respect to constitutional violations). Accordingly, this issue is not before us, and we do not consider it. *See Sineneng-Smith*, 590 U.S. at 375.

For these reasons, we deny the Secretary's motion for a stay of the district court's injunction pending appeal.

GRANT, Circuit Judge, Dissenting:

The district court below ordered the Florida Department of Environmental Protection to stop issuing sewage and disposal system permits near Florida's North Indian River Lagoon, and to establish from whole cloth (and in a matter of days) a program for assessing, feeding, and monitoring manatees and their habitat—a task that agency has neither the expertise nor the authority to complete. And it did so for plaintiffs whose standing is uncertain, whose claims of foreseeability and proximate cause are suspect, and whose proposed remedy very likely makes demands of the Department that are not sustainable under the Tenth Amendment's anti-commandeering principle. Though the emergency posture of the motion allows for only a short discussion, the district court's order is infirm in several respects and raises many serious questions about the scope of federal judicial power. This Court should grant the motion to stay the injunction pending appeal, and I respectfully dissent from our refusal to do so.[1]

---

[1] I concur with the Court's decision to consolidate the two related appeals.