Nos. 25-11612 & 25-11821

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

BEAR WARRIORS UNITED, INC.,
*Plaintiff-Appellee*,

v.

SECRETARY of the
FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,
*Defendant-Appellant*.

Appeal from the U.S. District Court for the
Middle District of Florida, No. 6:22-cv-2048 (Mendoza, J.)

## UNOPPOSED MOTION TO EXPEDITE ARGUMENT
## AND SET BRIEFING SCHEDULE

Jeffrey Brown
Department of Environmental Protection
390 Commonwealth Blvd., MS 35
Tallahassee, Florida 32399-3000
Telephone: (850) 245-2242
Jeffrey.Brown@FloridaDEP.gov

Jeffrey M. Harris
Bryan Weir
Nicholas B. Venable*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

*Supervised by principals of the firm admitted to practice in Virginia*

*Counsel for Defendant-Appellant*

Nos. 25-11612 & 25-11821, *Bear Warriors United v. Lambert*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1 and 26.1-2, the undersigned counsel certifies that the following listed persons and parties may have an interest in the outcome of this case:

1. Bear Warriors United, Inc. – Appellee

2. Blackner, Lesley G. – Counsel for Appellee Bear Warriors United

3. Blackner, Stone & Associates – Counsel for Appellee Bear Warriors United

4. Blome, Jessica L. – Counsel for Appellee Bear Warriors United

5. Bradford, Susann M. – Counsel for Appellee Bear Warriors United

6. Brown, Jeffrey – Counsel for Appellant Secretary Lambert

7. Colton, Bryan E. – Counsel for Appellee Bear Warriors United

8. Consovoy McCarthy PLLC – Counsel for Appellant Secretary Lambert

9. Corbari, Kelley F. – Counsel for Appellant Secretary Lambert

10. Greenfire Law, PC – Counsel for Appellee Bear Warriors United

11. Harris, Jeffrey M. – Counsel for Appellant Secretary Lambert

12. Lambert, Alexis, in her official capacity as Secretary of the Florida Department of Environmental Protection – Appellant

13. Mendoza, Honorable Carlos E. – Judge for the United States District Court for the Middle District of Florida

14. Price, Honorable Leslie H. – Magistrate Judge for the United States District Court for the Middle District of Florida

15. Rivo, Lily A. – Counsel for Appellee Bear Warriors United

16. Venable, Nicholas B. – Counsel for Appellant Secretary Lambert

17. Weir, Bryan – Counsel for Appellant Secretary Lambert

Dated: July 28, 2025                    /s/ *Jeffrey M. Harris*
                                                                                        Jeffrey M. Harris

Per this Court's Rule 34-4(f), the Florida Department of Environmental Protection (DEP) moves to expedite this appeal and set a requested briefing schedule. Appellee Bear Warriors United does not oppose DEP's request for expedited relief, though it disagrees that DEP is injured by the district court's order and injunction requiring compliance with the federal Endangered Species Act (ESA).

Specifically, DEP respectfully requests that the Court order the following:

1. Appellant's opening brief is being filed simultaneously with this motion, on July 28, 2025.
2. Appellee's response brief will be due by September 26, 2025 (reflecting a 30-day extension from the default deadline).
3. Appellant's reply brief will be due by October 17, 2025.
4. The Court will schedule oral argument as soon as practicable thereafter, on an expedited basis.

DEP asserts that there is good cause to enter this schedule and expedite the appeal. DEP is subject to a permanent injunction that it contends is imposing ongoing irrecoverable monetary costs on the State as well as injuries to its sovereign state interests. And the revised briefing schedule will allow Appellee's counsel to appropriately balance the brief in this case with a number of obligations in other cases scheduled in August. DEP thus respectfully asks that the Court grant this unopposed motion.

*  *  *

Plaintiff/Appellee, an environmental organization whose members assert to have been aesthetically and economically injured by the unlawful take of Florida Atlantic Coast Manatees, sued DEP under the ESA to enforce the ESA as citizen plaintiffs.

1

The district court entered a declaratory judgment that DEP violated the ESA on April 14, 2025. R.173.

On May 19, 2025, the court entered a permanent injunction that requires DEP to apply for an incidental take permit, cease permitting new septic tank systems in the area around the North Indian River Lagoon, and establish programs for feeding, monitoring, and reporting on manatee populations. R.190. DEP timely appealed the district court's judgment and injunction.

In any given appeal, this Court can expedite the briefing schedule, advance the oral argument, or both. *See* 11th Cir. Rule 34-4(f); 28 U.S.C. §1657(a); 11th Cir. IOP 27.3. The only requirement for expedition is "good cause shown." 11th Cir. Rule 34-4(f); *Banks v. Sec'y of Health & Hum. Servs.*, 2021 WL 3138562, at *4 n.5 (11th Cir. July 26, 2021).

DEP contends that good cause is satisfied here because, without expedition, DEP will suffer irreparable harm from the district court's injunction for a longer than necessary period during the pendency of this appeal. DEP is likely to incur substantial costs complying with the injunction's requirements to apply for an incidental take permit and establish manatee monitoring, feeding, and reporting programs that it will not be able to recoup from Plaintiff even if this appeal is successful. This Court has repeatedly held that "unrecoverable monetary loss is an irreparable harm." *Georgia v. President of the U.S.*, 46 F.4th 1283, 1302 (11th Cir. 2022) (citing cases). Further, part of the injunction prevents DEP from issuing septic permits under state law, and "'any time a

2

State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'" *Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018).

Appellee consents to this briefing schedule and does not oppose DEP's request to expedite oral argument. Appellee's counsel has hearing, trial, and oral argument obligations during August and early September and consequently seeks a 30-day extension of the appellee brief deadline. Appellee therefore does not oppose DEP's request to expedite the scheduling of oral argument under the briefing schedule laid out above. Appellee does not wish to delay the hearing of argument on the appeal due to her previous litigation commitments.

This Court commonly grants unopposed motions to expedite as a matter of course. *Alpine Partners v. Guinan*, No. 24-11964 Dkt. 33 (Dec. 03, 2024) (order granting joint motion to expedite); *Nat'l Small Bus. United v. U.S. Dep't of Treasury*, No. 24-10736 Dkt. 26 (Apr. 22, 2024) (same).

\* \* \*

For these reasons, the Court should grant this motion to expedite this appeal and set the requested briefing schedule. DEP thus respectfully requests that the Court enter the requested briefing schedule and advance the oral argument as early as practicable.

3

Dated: July 28, 2025

Respectfully submitted,

*/s/ Jeffrey M. Harris*

Jeffrey Brown
Department of Environmental Protection
390 Commonwealth Blvd., MS 35
Tallahassee, Florida 32399-3000
Telephone: (850) 245-2242
Jeffrey.Brown@FloridaDEP.gov

Jeffrey M. Harris
Bryan Weir
Nicholas B. Venable*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com

*Supervised by principals of the firm admitted to practice in Virginia*

*Counsel for Defendant-Appellant*

4

## CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27(d)(2)(A) because it contains 708 words, excluding the parts that can be excluded. This motion also complies with Rule 27(d)(1)(E) because it is prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: July 28, 2025 <u>s/ Jeffrey M. Harris</u>

## CERTIFICATE OF SERVICE

I filed this motion with the Court via ECF, which will email everyone requiring notice.

Dated: July 28, 2025 <u>s/ Jeffrey M. Harris</u>

5