

SUPREME COURT, APPELLATE,
& COMPLEX LITIGATION

July 16, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re:    Nos. 25-11612 and 25-11821, *Bear Warriors United, Inc. v. Secretary, Florida Department of Environmental Protection*—Response to Appellant's Notice of Supplemental Authority under Rule 28(j)

Dear Mr. Smith:

On July 10, 2026, the U.S. Fish and Wildlife Service and the National Marine Fisheries Service rescinded the regulatory definition of "harm" for the Endangered Species Act without promulgating a replacement. A lawsuit challenging the rescission and seeking declaratory and injunctive relief has already been filed. *Center for Biological Diversity v. Burgum*, No. 2:26-cv-2474 (W.D. Wash.).

For the reasons explained in *Babbitt v. Sweet Home*, 515 U.S. 687 (1995), the best reading of the unchanged statutory text remains the same—"harm" includes significant habitat destruction that kills or injures endangered wildlife. *See id.* at 697-708. Florida Department of Environmental Protection's actions thus violated the statutory text (as either "harm" or "harassment," *see* App. IV at 191), regardless of the regulatory rescission.

But this Court need not—and should not—consider the impact of the rescission (let alone the pending litigation about that rescission) in the first instance. Rather, as the parties "agree[d]" in earlier briefing

1400 16th Street NW, Suite 225, Washington, DC 20036

O 202.888.1741 / F 202.888.7792

GUPTAWESSLER.COM

Gupta/Wessler

before this Court, remand to the district court to decide such issues "would be appropriate." Reply Br. at 19-20; *see also* Resp. Br. at 46, Opening Br. at 37.

Without acknowledging its prior position, FDEP now contends that this recission is a reason for outright reversal. FDEP Ltr. at 1. But as this Court has recognized (and FDEP previously quoted), "where changes in fact or law occur during the pendency of a case on appeal, 'the preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances.'" *Nat'l R.R. Passenger Corp. v. Florida*, 929 F.2d 1532, 1538 (11th Cir. 1991); Reply Br. at 19-20.

Perhaps recognizing the futility of its new request, FDEP also argues that this Court should ignore the rescission and rule for it on standing or proximate causation. As explained in the appellee's brief and at argument, however, FDEP's challenges on these grounds are meritless. And, to the extent that the definition of harm might be relevant to the proximate-cause analysis, it too would benefit from remand. As a result, this Court should remand—or, at the very least, order supplemental briefing—regarding this development.

Respectfully submitted,

*/s/ Alisa C. Philo*
ALISA C. PHILO

*Counsel for Plaintiff-Appellee*

cc: All Counsel of Record (via electronic filing)